# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Louisville Division

| | |
|---|---|
| Ashley Malone )<br>    *Plaintiff* )<br> )<br>v. )<br> )<br>Portfolio Recovery Associates, LLC )<br>    *Defendant* )<br>Serve: )<br>    Corporation Service Company )<br>    2711 Centerville Road )<br>    Suite 400 )<br>    Wilmington, DE 19808 )<br> ) | Case No. 3;14-CV-152-S |

### CLASS ACTION COMPLAINT and
### DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer seeking damages for herself and on behalf of all similarly-situated Kentucky citizens for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, and for recovery of usurious interest imposed and collected by Defendant.

2. Defendant Portfolio Recovery Associates, LLC (PRA) sued Plaintiff Ashley Malone (Ms. Malone) on a debt barred by the applicable statute of limitations and attempted to collect interest or fees from her that it has no legal right to recover. PRA is also reporting false information concerning Ms. Malone to consumer reporting agencies. This false information includes interest and fees to which PRA has no right to recover. These and other acts by PRA violate the FDCPA.

## PARTIES

3.     Plaintiff Ashley Malone is a citizen of the United States of America and of the Commonwealth of Kentucky residing in Henry County, Kentucky.

4.     Ms. Malone is and was at all times mentioned herein a "consumer" as defined by 15 U.S.C. § 1692a(3) and within the meaning of the Kentucky Consumer Protection Act.

5.     Defendant PRA is a limited liability company, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

6.     PRA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## FACTS

7.     PRA filed suit against Ms. Malone in Jefferson District Court on February 25, 2013 in Case No. 13-C-001431. (A copy of the Complaint is attached as Exhibit "A").

8.     PRA's complaint against Ms. Malone was based on an alleged debt on a credit card issued by Capital One Bank USA, N.A. ("Capital One") with an account number ending in 8604.

9.     Ms. Malone used the Capital One credit card to purchase goods and services used for personal or household purposes, making PRA's state-court complaint an attempt to collect a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

10.    PRA's state-court complaint alleged that Ms. Malone was indebted to PRA in the amount of $1,354.78.

11.    PRA attached the affidavit of one Lecinda Shipman-Walker as the "Custodian of

Records for Portfolio Recovery Associates, LLC." (A copy of the Shipman affidavit is attached as Exhibit "B").

12. Paragraph 5 of the Shipman affidavit avers:

> According to the account records of said Account Assignee [PRA], after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of $1,346.27 as due and owing as of the date of this affidavit.

13. The Shipman affidavit is dated February 5, 2013.

14. On February 22, 2014, Ms. Malone obtained a copy of a Consumer Liability Report (CLR) from CIN Legal Data Services.

15. Ms. Malone's CLR includes information recovered from the three major consumer credit reporting agencies: Experian, Equifax, and Trans Union.

16. Ms. Malone's CLR includes negative information reported by PRA.

17. According to Ms. Malone' CLR, PRA is reporting negative information concerning Ms. Malone as the purchaser of a debt from Capital One with an account ending in 8604.

18. PRA is reporting negative information concerning Ms. Malone in connection with the Capital One debt at issue in the state-court lawsuit.

19. PRA is falsely reporting that the current balance due on the debt is $1,757.00 as of February 22, 2014.

20. PRA's information is demonstrably false because PRA averred in its state-court complaint and in the Shipman affidavit the amount owed on the debt was $1,346.27 or over $411.00 less than the amount PRA reported on Ms. Malone's CLR.

21. PRA reported negative information on Ms. Malone's consumer report for purposes of collecting a debt from her. ("[R]eporting a debt to a credit reporting agency is 'a

-3-

powerful tool designed, in part, to wrench compliance with payment terms.'" *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002)).

22. PRA attached a Statement of Account to its state court complaint that states that the date of the last payment on the Account was September 22, 2008, or about four-and-a-half years before it filed suit against Ms. Malone.

23. As an assignee PRA's rights against Ms. Malone derive from Capital One's rights against her.

24. PRA's cause of action accrued no later than October 31, 2008, which is the last possible date that Ms. Malone's next periodic payment came due.

25. Capital One's cause of action against Ms. Malone accrued in Virginia, where Capital One's headquarters is located.

26. Consequently, PRA's cause of action against Ms. Malone accrued in Virginia.

27. The statute of limitations for collection of credit card debt under Virginia law is three years from the date of the accrual of the action.

28. Kentucky's statute of limitation for collection of credit card debt is five years from the date of the accrual of the action.

29. Because PRA's cause of action against Ms. Malone accrued in Virginia and Virginia's statute of limitation for collection of credit card debt is less than Kentucky's statute of limitations, PRA's cause of action against Ms. Malone is subject to a three-year statute of limitations under Kentucky's borrowing statute KRS 413.320.

30. Bringing suit to collect a debt that is barred by the applicable statute of limitations violates the FDCPA.

## CLASS ALLEGATIONS

31.     Plaintiff Ashley Malone brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated.

32.     These persons comprise the following three sub-classes:

**Class A:**     All Kentucky citizens against whom Defendant Portfolio Recovery Associates, LLC, or its agents, employees, or representatives, filed a complaint in a state district or circuit court within one year of filing this complaint to collect a debt, *and* (i) the complaint demands no prejudgment interest; (ii) PRA furnished information concerning the debt to one or more consumer reporting agencies prior to the entry of judgment in PRA's favor in the state-court action; and (iii) the information furnished to the consumer reporting agencies included interest and/or fees that had been accrued on the principal balance of the debt, *i.e.* the amount of the debt furnished to one or more consumer reporting agencies was greater than the principal amount of the debt and the state-court complaint.

**Class B:**     All Kentucky citizens to whom Defendant Portfolio Recovery Associates, LLC, or its agents, employees, or representatives, sent a letter attempting to collect a debt, *and* (i) the collection letter demands no prejudgment interest; (ii) PRA furnished information furnishing information concerning the debt to one or more consumer reporting agencies prior to the entry of a judgment in PRA's favor; and (iii) the information furnished to the consumer reporting agencies included interest and/or fees that been accrued on the principal balance of the debt, *i.e.* the amount of the debt furnished to one or more consumer reporting agencies was greater than the principal amount demanded in the collection letter.

**Class C:**     All Kentucky citizens against whom Defendant Portfolio Recovery Associates, LLC, or its agents, employees, or representatives, filed a complaint in a state district

or circuit court within one year of filing this complaint to collect a debt and which PRA's claim is based on an assignment, purchase, or other transfer of a credit-card debt by Capital One Bank (USA), N.A., and on which the Capital One credit card account went into default more than three years before PRA filed suit.

33. This action seeks the maximum statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), to be awarded to Plaintiff and all members of the class for PRA's violation of the FDCPA.

34. The class so represented by Plaintiff Ashley Malone in this action, and of which she herself is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable.

35. Plaintiff's claims are typical of the claims of the class.

36. There are common questions of law and fact in this action that relate to and affect the rights of each member of the class, and the relief sought is common to the entire class. In particular, all class members have the same issue of law in common: whether PRA has collected, attempted to collect, or sued to collect usurious interest from each member of the class, and whether PRA, as an assignee of Capital One Bank, has filed suit against members of the class outside the statute of limitations.

37. There is no known conflict between Plaintiff and any other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

38. Plaintiff is the representative party for the class and is able to, and will, fairly and adequately protect the interest of the class.

39. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

40. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

41. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

42. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

43. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; and all members of the class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

44. The identity of each individual member of the class can be ascertained from the books and records maintained by Defendant.

45. Because many of the persons who comprise the class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

42. The above-described actions by PRA constitute violations of the Fair Debt Collection Practices Act.

43. Defendant's, Portfolio Recovery Associates, LLC, violations of the FDCPA include, but are not limited to:

> PRA violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f by (i) furnishing false information to one or more consumer reporting agencies concerning a debt owed by Ms. Malone and debts owed by the members of the class. The information furnished by PRA was false because PRA added interest and/or fees to the debts that it neither a statutory nor contractual right to accrue and collect at the time it furnished the information to one or more consumer reporting agencies; and (ii) by filing suit to collect a debt that is barred by the applicable statute of limitations.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ashely Malone requests the Court grant her relief as follows:

a. The maximum amount of statutory damages for each member of the class provided under 15 U.S.C. §1692k;

b. Attorney's fees, litigation expenses and costs;

c. Actual damages;

d. A trial by jury; and

e. Such other relief as may be just and proper.

Respectfully Submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney PLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
jmckenzie@jmckenzielaw.com
Tel:     (502) 371-2179

-9-

Fax:     (502) 257-7309

**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
james@kyclc.com
Tel:     (502) 473-6525