UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ASHLEY MALONE                                                                            PLAINTIFF

v.                                              CIVIL ACTION NO. 3:14-CV-00152-CRS

PORTFOLIO RECOVERY ASSOCIATES, LLC                          DEFENDANT

**MEMORANDUM OPINION**

      This matter is before the Court on two motions of Defendant Portfolio Recovery Associates, LLC ("Portfolio"). First, Portfolio moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that this action became moot upon a complete offer of judgment (DN 20). Second, Portfolio requests leave to file supplemental authority in support of its motion to dismiss (DN 29).[1] For the following reasons, the Court will grant both motions.

**I.    BACKGROUND**

      Plaintiff Ashley Malone incurred a debt on her credit card account with Capital One Bank USA, N.A., which she ultimately failed to pay. (Am. Compl., DN 9, ¶¶ 9–10.) On February 25, 2013, Portfolio allegedly filed suit against Malone in Jefferson County District Court to collect $1,354.78 associated with the credit card debt.[2] (Am. Compl., DN 9, ¶¶ 11–13.)

      Nearly a year later, on February 22, 2014, Malone acquired a consumer liability report, containing data from several credit reporting agencies. (Am. Compl., DN 9, ¶¶ 18–19.) The

---

[1] The Court will grant Portfolio's motion for leave to file supplemental authority (DN 29). Portfolio wishes to submit *Mey v. North American Bancard, LLC*, No. 14-CV-11331, 2014 U.S. Dist. LEXIS 165453 (E.D. Mich. Nov. 26, 2014), in support of its motion to dismiss. The new authority is pertinent to the issues presented by the Rule 12(b)(1) motion, and Plaintiff Ashley Malone did not object to the supplemental filing.

[2] The Court is unaware of the current status of the state court proceedings, but such information is not necessary to resolve the motions now pending.

consumer liability report showed $1,757.00 as due and owing on her credit card debt at that time. (Am. Compl., DN 9, ¶ 23.)

Malone then commenced this action against Portfolio for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Am. Compl., DN 9.) According to Malone, Portfolio held no right to charge interest or fees on her credit card debt. (Am. Compl., DN 9, ¶ 25.) Therefore, Portfolio allegedly violated the FDCPA, specifically 15 U.S.C. §§ 1692e and 1692f, by furnishing false information to one or more credit reporting agencies for purposes of collecting a debt. (Am. Compl., DN 9, ¶¶ 33–34.) Malone points to the reported increase in her credit card debt between the filing of the state court action and the consumer liability report as proof of the alleged violation. (Am. Compl., DN 9, ¶ 24.) Beyond her individual claim, Malone asserts claims for the same violation on behalf of a putative class of similarly situated Kentuckians pursuant to Federal Rule of Civil Procedure 23. (Am. Compl., DN 9, ¶¶ 27–41.)

In her Amended Complaint, Malone requested actual damages, the maximum amount of statutory damages, and an award of reasonable attorney's fees and costs. (Am. Compl., DN 9, at 7–8.) On July 7, 2014, however, Malone omitted any reference to actual damages in her initial disclosure. (Pl.'s Initial Disclosure, DN 13, at 2.) Four days later, on July 11, Portfolio made an offer of judgment (DN 20-3), the terms of which address only Malone's individual demand for statutory damages and reasonable attorney's fees and costs. The offer remained open for fourteen days, but Malone refused to accept. (Offer of J., DN 20-3, at 3.) Portfolio now calls upon the Court to dismiss for lack of subject matter jurisdiction, arguing that the entire action became moot when it offered Malone all of the relief she requested as an individual (DN 20).

**II.     STANDARD**

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies," U.S. Const. art. III, § 2, cl. 1, meaning "actual and concrete disputes, the resolution of which have direct consequences on the parties involved," *Genesis Healthcare Corp. v. Symczyk*, — U.S. —, 133 S. Ct. 1523, 1528, 185 L. Ed. 2d 636 (2013). To proceed in federal court, "a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action." *Id.* (quoting *Camreta v. Greene*, — U.S. —, 131 S. Ct. 2020, 2028, 179 L. Ed. 2d 1118 (2011)). The presence of a case or controversy is a "cradle-to-grave requirement"—necessary from the moment a suit is filed through its ultimate disposition. *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). If the plaintiff loses his personal stake during the proceedings, "making it 'impossible for the court to grant any effectual relief whatever,'" the action must be dismissed as moot. *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992)).

As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing that the exercise of jurisdiction is proper. *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012). The Court accepts the allegations in the complaint as true when deciding a Rule 12(b)(1) motion that merely questions the sufficiency of the pleading. *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007). But, when the motion challenges the existence of a jurisdictional fact—such as the plaintiff's continuing interest in the litigation—"no presumption of truthfulness applies to the allegations." *Id.* The Court then may examine evidence beyond the pleadings to ascertain whether the jurisdictional fact exists. *Id.*

## III. DISCUSSION

Portfolio argues that this litigation, including the putative class action, is now moot, because its offer of judgment eliminated any case or controversy by affording complete relief to Malone as an individual. The Court must first determine whether Portfolio indeed offered every form of individual relief Malone sought to obtain. If the offer withheld relief in some respect, a finding of mootness would be improper. As long as Malone retains "'a concrete interest, however small, in the outcome of the litigation, the case is not moot.'" *Knox v. Serv. Emps. Int'l Union, Local 1000*, — U.S. —, 132 S. Ct. 2277, 2287, 183 L. Ed. 2d 281 (2012) (quoting *Ellis v. Railway Clerks*, 466 U.S. 435, 442, 104 S. Ct. 1883, 80 L. Ed. 2d 428 (1984)).

"To moot a case or controversy between opposing parties, an offer of judgment must give the plaintiff *everything* he has asked for as an individual." *Hrivnak*, 719 F.3d at 567. The defendant cannot moot an action by offering only the relief he believes is appropriate or deserved. *Id.* at 567, 569. Rather, a complete offer of judgment—one that ends a case or controversy—satisfies the plaintiff's "'entire demand.'" *Id.* at 567 (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574 (6th Cir. 2009)). "The question is whether the defendant is willing to meet the plaintiff on his terms." *Id.*

The potential recovery of an individual plaintiff suing for a violation of the FDCPA is limited to "actual damages"; "such additional damages as the court may allow, but not exceeding $1000"; and reasonable attorney's fees and costs. 15 U.S.C. § 1692k(a). The FDCPA likewise confines the named plaintiff in a class action to those same categories of relief. *See id.* § 1692k(a)(2)(B). Accordingly, Malone sought relief that tracked the damages specified by the FDCPA in her Amended Complaint (DN 9). She requested "[a]ctual damages"; the "maximum

amount of statutory damages"; and "[a]ttorney's fees, litigation expenses and costs." (Am. Compl., DN 9, at 7–8.)

But Malone subsequently omitted any reference to actual damages in her initial disclosure (DN 13). Federal Rule of Civil Procedure 26 mandates that a party disclose, without awaiting a discovery request, certain basic information at the start of the litigation. Fed. R. Civ. P. 26(a)(1)(A). As part of that initial disclosure, a party must provide the other litigants "a computation of each category of damages claimed" and "make available . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Malone's computation of damages accounts for her statutory, or additional, damages and an award of attorney's fees and costs, but it asserts no entitlement to actual damages: "Plaintiff has statutory damages of $1000.00 per defendant under the FDCPA, 15 U.S.C. § 1692k. Plaintiff also has the right to recover her reasonable attorney's fees and costs under 15 U.S.C. § 1692k. These damages are ongoing and continuing." (Pl.'s Initial Disclosure, DN 13, at 2.)

After reviewing Malone's initial disclosure, Portfolio sent her an offer of judgment pursuant to Federal Rule of Civil Procedure 68 in the amount of "One Thousand One Dollars ($1,001.00), plus costs, litigation expenses and reasonable attorney's fees" as determined by the Court. (Offer of J., DN 20-3, at 1.) Malone did not accept the offer. Nevertheless, Portfolio's offer of judgment plainly addresses all of the relief Malone claimed as an individual at the time of her initial disclosure. First, Portfolio offered $1,001.00 to satisfy Malone's demand for statutory damages. That amount exceeds by one dollar the maximum award Malone could possibly receive as additional damages under the FDCPA. *See* 15 U.S.C. § 1692k(a)(2). Second, Portfolio agreed to compensate Malone for costs, litigation expenses, and reasonable

attorney's fees as later determined by the Court. Those terms are consonant with the language of the statute, which contemplates an exercise of the Court's discretion in judging the reasonableness of attorney's fees and costs. *See id.* § 1692k(a)(3).

Still, Malone argues that the offer of judgment is incomplete. She claims that Portfolio withheld compensation for actual damages. On that point, Malone is correct. The offer of judgment does not address actual damages. But the question is whether Portfolio needed to include payment of actual damages for its offer to be complete. The stumbling block of Malone's argument is her right, or lack thereof, to reassert the demand for actual damages in response to a motion after excluding those damages from her Rule 26 initial disclosure.

In responding to Portfolio's motion to dismiss, Malone stated that her actual damages consist of attorney's fees and costs incurred in litigating the state court action and the expense of obtaining a consumer liability report. As evidence of those losses, she attached to her brief an invoice showing total charges in the amount of $3,885.00 (DN 22-3). Malone contends that she has been steadfast in demanding actual damages since the filing of the Amended Complaint. According to Malone, she submitted the Rule 26 initial disclosure before the Court granted leave for her to file the Amended Complaint. But a review of the docket activity in this case shows that Malone's timeline is false. In fact, Malone obtained leave and filed the Amended Complaint more than two months prior to making the initial disclosure in which she omitted any claim for actual damages.

Malone may not resurrect her undisclosed—and seemingly abandoned—demand for actual damages to defeat Portfolio's motion to dismiss. Federal Rule of Civil Procedure 37 establishes a self-executing sanction for failure to disclose or supplement in accordance with Rule 26: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is

not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Relying wholly on her erroneous timeline, Malone made no argument to rebut Rule 37's automatic sanction. Of course, Malone's attachment of the invoice to her responsive brief cannot be deemed a proper supplementation of her initial disclosure. *See* Fed. R. Civ. P. 26(e)(1). If a party could supplement by citing undisclosed information in response to a motion, the plain language of Rule 37, which prohibits the use of such information "on a motion," would be ineffective. *See* Fed. R. Civ. P. 37(c)(1).

Moreover, Malone's failure to disclose information concerning her actual damages was not "substantially justified" or "harmless." *See id.* First, Malone knew of the fees and costs incurred in the state court litigation at the time of her initial disclosure. The most recent charge on the invoice dates April 1, 2014—approximately three months before Malone filed the initial disclosure—and the attorney who represented her in that state court suit continues to act as counsel in this action. (Invoice, DN 22-3.) Second, Malone received notice that her initial disclosure made no mention of actual damages. On July 11, 2014, Portfolio provided Malone with the offer of judgment in which her computation of damages was discussed and quoted in its entirety. (Offer of J., DN 20-3.) Despite being given notice of her disclosure's contents, Malone made no effort to revise or supplement the computation. Malone caused harm to Portfolio by allowing it to expend resources litigating based on information she provided but now disputes. For those reasons, her attempt to reassert the long-forsaken claim to actual damages must fail.

The Rule 68 offer made by Portfolio met Malone on her terms, a later effort to modify those terms notwithstanding. By affording the maximum statutory damages, together with reasonable attorney's fees and costs, Portfolio offered every form of relief Malone sought to

obtain as an individual. In light of that complete offer, the Court must decide the proper disposition of Malone's individual claim, as well as the claims of the putative class.

*Genesis Healthcare*, 133 S. Ct. at 1523, provides a useful starting point in determining the effect of a complete offer of judgment on individual and class claims. There, the Supreme Court considered whether a collective action brought under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, became moot once the named plaintiff received a Rule 68 offer in full satisfaction of her individual claim. *Genesis Healthcare*, 133 S. Ct. at 1526–27. Assuming, without deciding, that the offer of judgment mooted the named plaintiff's individual claim, the Supreme Court held that, "[i]n the absence of any claimant's opting in, [the named plaintiff's] suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action." *Id.* at 1529. "[T]he mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." *Id.* But the Supreme Court declined to decide whether the same principles extend to class actions generally, noting that "Rule 23 actions are fundamentally different from collective actions under the FLSA." *Id.* In a Rule 23 class action, "a putative class acquires an independent legal status once it is certified." *Id.* at 1530. By contrast, an FLSA collective action uses an opt-in procedure in which other potential plaintiffs must file written consent to join as parties. *Id.*

The precedent of the Sixth Circuit fills the gaps left open by the *Genesis Healthcare* decision. First, a complete offer of judgment—even one that goes unaccepted—moots a plaintiff's claim. *O'Brien*, 575 F.3d at 574–75. When a plaintiff refuses an offer of judgment that satisfies his entire demand, he does not lose outright with his claim simply dismissed. *Id.* at

575. Instead, judgment is entered in favor of the plaintiff in accordance with the defendant's Rule 68 offer. *Id.*

Second, the claims of an uncertified class under Rule 23 must be dismissed without prejudice when the case or controversy as to the named plaintiff terminates:

> *Once a class is certified*, the mooting of the named plaintiff's claim does not moot the action, the court continues to have jurisdiction to hear the merits of the action if a controversy between any class member and the defendant exists. Where, on the other hand, the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required.

*Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993) (citations omitted). A narrow exception to that dismissal requirement exists "where 'a motion for class certification has been pursued with reasonable diligence and is then pending before the district court.'" *Id.* at 400 (quoting *Susman v. Lincoln Am. Corp.*, 587 F.2d 866, 870 (7th Cir. 1978)); *see Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625 (6th Cir. 2005) (holding that a complete offer of judgment to the named plaintiff did not moot the action where the motion to certify was previously filed, fully briefed, and approved by the report and recommendation of a magistrate judge).

Having concluded that Portfolio made a complete Rule 68 offer, the Court will enter judgment in favor of Malone on her individual claim in the amount of $1,001.00, along with an award of reasonable attorney's fees and costs. *See O'Brien*, 575 F.3d at 574–75. Malone will be allowed additional time as set forth in a separate order to file a petition for reasonable attorney's fees and costs, as well as any supporting documents. Of course, any fees and costs incurred after July 11, 2014, when Portfolio's offer mooted this action, are "per se *unreasonable*." *Conway v. Portfolio Recovery Assocs., LLC*, No. 13-07-GFVT, 2015 WL 3756410, at *7 (E.D. Ky. June 15, 2015).

With her individual claim fully satisfied, Malone no longer holds a personal interest in serving as the representative of the putative class. *See Genesis Healthcare*, 133 S. Ct. at 1529. Malone never moved for certification under Rule 23, and therefore, the class claims must be dismissed without prejudice. *See Brunet*, 1 F.3d at 399.

Malone disputes this outcome and the precedent on which it is based. She cites several non-binding authorities to support her position,[3] but nothing indicates that the Sixth Circuit plans to adopt a new course. The district courts of the Sixth Circuit consistently apply the foregoing mootness rules to dismiss uncertified class actions where the named plaintiff loses his stake in the litigation. *E.g.*, *Conway*, 2015 WL 3756410, at *3–8; *Mey v. N. Am. Bancard, LLC*, No. 14-CV-11331, 2014 WL 6686773, at *1–3 (E.D. Mich. Nov. 26, 2014); *Hanover Grove Consumer Hous. Coop. v. Berkadia Commercial Mortg., LLC*, No. 13-13553, 2014 WL 354674, at *4–6 (E.D. Mich. Jan. 31, 2014); *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 851–53 (W.D. Ky. 2007). Here, Malone will receive all of the relief she demanded, and the remaining members of the putative class may pursue their claims in the future, individually or collectively. *See Tallon*, 497 F. Supp. 2d at 853.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Portfolio's motion to dismiss for lack of subject matter jurisdiction (DN 20). Judgment will be entered in favor of Malone as an individual, and the claims of the putative class will be dismissed without prejudice. The Court will also grant Portfolio's motion for leave to file supplemental authority in support of its motion

---

[3] *See, e.g.*, *Genesis Healthcare*, 133 S. Ct. at 1532–37 (Kagan, J., dissenting); *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698 (11th Cir. 2014); *Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948 (9th Cir. 2013).

-11-

to dismiss (DN 29). A separate order and judgment will be entered this date in accordance with this Memorandum Opinion.

August 6, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

Case 3:14-cv-00152-CRS-DW   Document 42   Filed 08/07/15   Page 11 of 11 PageID #: 269