UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ASHLEY MALONE,                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:14-CV-00152-CRS

PORTFOLIO RECOVERY ASSOCIATES, LLC                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Ashley Malone's motion to vacate the Court's

order and judgment under Fed. R. Civ. P. 59, and Plaintiff's motion for leave to file

supplemental authority in support of her Fed. R. Civ. P. 59 motion. Defendant Portfolio

Recovery Associates, LLC ("PRA") opposes the motion. For the reasons stated below, the Court

will deny Malone's motion to vacate.

**I.**

The Court granted PRA's motion to dismiss for lack of subject matter jurisdiction and

entered judgment in favor of Plaintiff Malone on August 7, 2015. Order and J., ECF No. 43. The

Court determined, based on Sixth Circuit precedent, that PRA's offer of judgment mooted

Plaintiff's claims because PRA's Rule 68 offer of judgment offered Plaintiff complete relief. *See*

Memorandum Opinion, ECF No. 42. The Court lacked jurisdiction after this offer, dismissed the

case, and entered judgment in favor of Plaintiff in accordance with PRA's offer. Order and J.,

ECF No. 43.

1

On August 12, 2015, Plaintiff moved under Fed. R. Civ. P. 59 to vacate this Court's order and hold the action in abeyance pending the U.S. Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, No. 14-857, 2015 WL 246885 (U.S. May 18, 2015), or the decision of the Sixth Circuit Court of Appeals in the pending *Mey v. North American Bancard, LLC*, Case No. 14-2574. Plaintiff filed a motion for leave to file supplemental authority in support of her motion on September 25, 2015. Plaintiff argues that because the Supreme Court or Sixth Circuit may address similar issues to this case, this Court's Order should be vacated and held in abeyance.

## II.

A motion to alter or amend a judgment under Rule 59(e) "may be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Culver v. CCL Label, Inc.*, 455 F. App'x 625, 631 (6th Cir. 2012) (internal quotations and citations omitted). Rule 59(e) motions to alter or amend a judgment "are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, *2 (W.D. Ky. April 19, 2007). The district court has discretion to grant or deny a Rule 59(e) motion. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999).

## III.

Upon careful review and consideration of the briefings, this Court finds Plaintiff has failed to allege "1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Culver*, 455 F. App'x at 631. The Supreme Court granting certiorari in *Gomez* or a pending Sixth Circuit appeal is insufficient to establish reasons the Federal Rules or Sixth Circuit require for successful Rule 59(e) motions.

Furthermore, while the Court will grant Plaintiff's motion for leave to file supplemental authority, the Sixth Circuit Court of Appeals' hold of a pending appeal in abeyance of another similar matter does not impact this Court's analysis of a Rule 59 motion.

## IV.

Accordingly, and the Court being sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1.  Plaintiff Malone's motion for leave to file supplemental authority in support of her motion to vacate and hold in abeyance (DN 46) is **GRANTED**.

2.  Plaintiff Malone's motion to vacate the Court's order and judgment under Fed. R. Civ. P. 59 (DN 44) is **DENIED**.

November 3, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**